# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF
## MISSISSIPPI EASTERN DIVISION

**AVA TEVERBAUGH**                                                          **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 2:19-mc-159-KS-MTP**

**LIMA ONE CAPITAL, LLC**                                                   **DEFENDANT**

## ORDER

This matter is before the Court on Ms. Teverbaugh's Motion for Default Judgment [13] and Motion to Confirm Arbitration Award [1]. After Lima One Capital, LLC ("Lima One") failed to respond to the original Motion, Ms. Teverbaugh sought entry of default, which was entered on January 16, 2020 [12]. Ms. Teverbaugh now moves for entry of a default judgment. However, due to the unique nature of Motions for Confirmation under the Federal Arbitration Act, the Court will decline to enter a default judgment and will characterize the Motion for Confirmation as an unopposed motion for summary judgment. *See Smartprice.com, Inc. v. Long Distance Svcs*., Inc. No. SA-07-cv-87, 2007 WL 1341412 at *1 (W.D. Tex. May 4, 2007). For the reasons stated below, the Motion for Confirmation is denied, and the Motion for Default Judgment is dismissed.

## I. BACKGROUND

On October 23, 2019, Ms. Teverbaugh filed her Motion for Confirmation, pursuant to 9 U.S.C. § 9 and attached to her Motion the following: (1) an "Arbitration Hearing Notification"; (2) an "All Purpose Proof of Service"; and (3) a "Final Arbitration Award." In her Motion for Confirmation, Ms. Teverbaugh asks the Court to confirm the award, which she claims to be for $327,600.00. It appears Lima One was served with the Motion for Confirmation via its

registered agent in Mississippi on December 20, 2019. [10]. Lima One has not answered or responded in any way to the Motion for Confirmation. The Court now finds it necessary to address both motions.

## II. LEGAL ANALYSIS

### 1. A Default Judgment Is Not Proper.

Federal Rule of Civil Procedure 81(a)(6)(B) states that in proceedings under the Federal Arbitration Act ("FAA"), "these rules apply only to the extent that matters of procedure are not provided for in those statutes." Under the FAA, an application for confirmation of an arbitrator's award, or any application to this Court, "shall be made and heard in the manner provided by law for the making and hearing of *motions*, except as otherwise herein expressly provided." 9 U.S.C. § 6 (emphasis added). Thus, the statute makes clear that matters submitted to this Court pertaining to arbitration are motions, not actions. *See Alstom Power, Inc. v. S&B Eng. & Constructors*, No. 3:04-cv-2730, 2007 WL 1284968, *2 (N.D. Tex. Apr. 30, 2007). Ms. Teverbaugh's application, which has been properly docketed as a motion, is not a Complaint or civil action to which Rule 55, governing default judgments, applies. *See id.* (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006)). In *Gottdiener*, the Second Circuit held that in the context of a motion seeking to confirm an arbitration award, default judgment was inappropriate, and district court should have treated the petitioner's motion to confirm as unopposed summary judgment motion. 462 F. 3d at 109-110. As the Second Circuit stated:

> We conclude that default judgments in confirmation / vacatur proceedings are generally inappropriate. A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record. It does not follow,

> of course, that the non-movant can simply ignore such a motion. If the non-movant does not respond, its failure to contest issues not resolved by the record will weigh against it.... [T]he petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions.... [T]he lack of a response does not justify a default judgment because, even where a non-moving party fails to respond to a motion for summary judgment, a court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

*Id.* As the Western District of Texas noted, the Fifth Circuit has not spoken to this issue. *See Smartprice.com*, 2007 WL 1341412, at *3. Therefore, just as our sister court did, so too shall this Court adopt such a standard and dismiss the Motion for Default Judgment [13]. *See id.* The Court will now evaluate the propriety of the Motion for Confirmation.

### 2. The Application is Not Properly Before the Court.

Section 13 of the FAA states, in relevant part:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
>
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
>
> (b) The award.
>
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

In this case, Ms. Teverbaugh has failed to comply with Section 13 as she has not attached any underlying arbitration agreement with Lima One.

Under the FAA, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant

to the arbitration . . . ." 9 U.S.C. § 9. Thus, in order to obtain confirmation, Section 13 requires that the moving party file the agreement, the award, and each notice, affidavit, or other paper used to confirm, modify or correct the award. "This allows the Court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment." *Meekins v. Lakeview Loan Servicing, LLC*, No. 3:19-cv-501, 2019 WL 7340300, at *2 (E.D. Va. Dec. 30, 2019) (citing a case from the Western District of North Carolina, wherein the court held that "[w]ithout the filings required by § 13, the Court is unable to conclude from the record that a valid arbitration and award exist and is therefore unable to determine whether the Petitioner is entitled to judgment as a matter of law").

Such is the case here. Without an underlying valid arbitration agreement, the Court is unable to conclude that confirmation is proper. Upon reading the Final Arbitration Award, candidly, the Court has serious misgivings that there is a valid agreement and award in the case. First, the Final Award was issued by Sitcomm Arbitration Association ("SAA"). [1-1] at pp. 4-22.[1] The award recites no particular findings of wrongdoing on the part of Lima One and, as one court has described a quite similar award by SAA, it is "a bizarre jumble of inconsistent, nonsensical word salad." *U.S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995, at *2 (N.D. Okla. Sept. 10, 2019). Also concerning is the fact that the "Arbitration Hearing Notification" purportedly sent to Lima Capital failed to provide a location for the arbitration, which according the Final

---

[1] There has been a recent rash of cases involving arbitration awards issued by arbitrators with SAA filed not only in this Court but also in other jurisdictions. *See, e.g., Brown v. Ally Financial, Inc*., 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); *Imperial Indus. Supply Co. v. Thomas*, No. 2:19-CV-129-KS-MTP (S.D. Miss. Sept. 13, 2019); *Nichols v. U.S. Bank, Nat'l Assoc*., No. 2:19-mc-162 (S.D. Miss. Oct. 28, 2019); *Kahapea v. Hawaii State Fed. Credit Union*, No. 2:19-mc-185 (S.D. Miss. Nov. 20, 2019); *Pennymac Loan Svcs., LLC v. Kahape*a, No. 2:19-cv-193 (S.D. Miss. Dec. 11, 2019); *Teverbaugh v. Lima One Capital, LLC*, No. 1:19-cv-5482 (N.D. Ill. Aug. 14, 2019); *Teverbaugh v. First Guaranty Mortg. Corp., No. 1:19-cv-5485* (N.D. Ill. Aug. 14, 2019); *U.S. Bank Nat'l Ass'n v. Nichols*, No. 19-CV-482, 2019 WL 4276995, at *1 (N.D. Okla. Sept. 10, 2019); *Kalmowitz v. Fed. Home Mortg. Corp*., No. 6:19-mc-10, 2019 WL 6249298 (E.D. Tex. Oct. 22, 2019); *Meekins v. Lakeview Loan Servicing*, LLC, No. 3:19-cv-501, 2019 WL 7340300 (E.D. Va. Dec. 30, 2019). It appears Ms. Teverbaugh may be party to a few of these other cases.

Arbitration Award, took place in Laurel, Mississippi. [1-2] at p. 22. Nowhere in the Notification is an address in Laurel, Mississippi mentioned. [1-2] at p. 1.

In addition to failing to provide the underlying contract containing a valid arbitration provision, Ms. Teverbaugh has also failed to attach other notices and a copy of any orders from other courts addressing prior applications. It appears from a review of the docket in *Teverbaugh v. Lima One Capital, LLC*, No. 1:19-cv-5482 (N.D. Ill. Aug. 14, 2019), Ms. Teverbaugh attempted to confirm this same arbitration award, which was denied. *See* CM/ECF Doc. No. 25, 1:19-cv-5482 (N.D. Ill. Oct. 23, 2019). While there is not a copy of the Final Arbitration Award in that case, there is a request to confirm an "arbitration award" of the exact same amount of $327,600 against Lima Capital. Curiously, the very day Judge Charles Kocoras denied Ms. Teverbaugh's motion in the United States District Court for the Northern District of Illinois, she filed her Motion for Confirmation in this Court.

## III.    CONCLUSION

Due to the various deficiencies in the record, as noted herein, with regard to the documents required to be filed with a motion seeking to confirm an arbitration award, the Court ORDERS that the Motion for Confirmation [1] is hereby denied without prejudice to rectifying the record to properly support such request. Plaintiff shall supplement the record **on or before February 7, 2019**; otherwise, the motion will be denied with prejudice.

It is further ORDERED that Ms. Teverbaugh is hereby advised that should she submit a contract sufficiently similar to the "Conditional Acceptance for the Value/For Proof of Claim/Agreement," which this Court recently found to be invalid in the case of *Imperial*

*Industrial Supply v. Quintana Thomas, et al.*, No. 2:19-cv-129-KS-MTP, Doc. No. 28 (S.D.

Miss. Jan 8, 2020), the Court will consider Rule 11 sanctions against her in this matter.

SO ORDERED AND ADJUDGED this 28th day of January 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE